IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marion Crane, Benjamin Porter, Robert Taylor and Furman Wingate, | ) )<br>) C/A No. 3:02-3352-22<br>) |
| Plaintiffs, | ) ) |
| v. | ) **ORDER ON**<br>) **MOTION FOR INTERLOCUTORY** |
| International Paper Company, and Canal Wood, LLC, | ) **APPEAL (28 U.S.C. § 1292(b))**<br>) ) |
| Defendants. | ) ) |

This matter is before the court on Defendant International Paper Company's ("IP's") motion to certify a single question for interlocutory review under 28 U.S.C. § 1292(b). Specifically, IP seeks review of this court's determination that Plaintiffs need not join IP's Quality Suppliers in order to proceed against IP on claims that IP and its Quality Suppliers conspired to fix, at artificially low levels, prices paid to Plaintiffs for pulp-wood timber. *See* Order and Opinion on Matters Heard April 7, 2005 (entered April 19, 2005) (hereinafter "Order"). While not directly subject to the present motion, this query implicates this court's related determination that the indirect-purchaser doctrine announced in *Illinois Brick Co. v. Illinois,* 431 U.S. 720 (1977) does not apply to the present action.

For the reasons set forth below, the court grants the motion and certifies the question for interlocutory appeal. This court will not, however, stay the underlying action at this time.

**STANDARD**

Under 28 U.S.C. § 1292(b), a district judge may certify a question for interlocutory appeal when that judge "shall be of the opinion that such order involves a controlling question of law as to

which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Whether to accept the case for interlocutory appeal, however, remains a matter wholly within the appellate court's discretion.

**DISCUSSION**

The stated issue as to which IP seeks certification and the intertwined issue of the application of the indirect-purchaser rule constitute "controlling question[s] of law." This is because, if IP is correct in its interpretation of the law, this action either may not proceed at all or may not proceed without joinder of additional defendants or narrowing of the class definition.[1] For the same reason, obtaining an answer to these questions would "materially advance the ultimate termination of the litigation."

Obtaining early resolution of these issues is of particular importance in this case because the action is being pursued as a class action on behalf of many timber sellers. More than the usual amount of time and expense will, therefore, be invested by all of the parties before this issue might be resolved absent interlocutory review.

The greater question is whether there is a "substantial ground for difference of opinion." While this court continues to believe that it reached the correct result in light of the available case law, it agrees that the matter is far from resolved. This is, most critically, because this court relied on its own prediction of what the Fourth Circuit would rule, rather than on any specific ruling, in

---

[1] One Quality Supplier, Canal Wood, LLC, ("Canal Wood") is currently joined as a defendant. Canal Wood was involved in a large percentage of the transactions at issue. Narrowing of the class definition to cover only the transactions involving this Quality Supplier would, therefore, be an alternative to joining the other Quality Suppliers.

concluding that the indirect-purchaser rule of *Illinois Brick* did not apply in this case. That prediction was based on *dicta* in *Dickson v. Microsoft Corp.,* 309 F.3d 193 (4th Cir. 2002) and the unique circumstances of the present case.[2]

The determination which IP directly challenges in this motion, that the Quality Suppliers need not be joined, likewise, rested on case law which this court found persuasive but which is not binding authority. *See* Order 13-14 (discussing cases from the Seventh and Eleventh Circuits). Further, the opinion of the dissenting judge in *Dickson* suggests that this court's determination is one with which at least some judges on the Court of Appeals would disagree. *See Dickson,* 309 F.3d at 222 (Judge Gregory stating in dissent: "As for any lingering doubt over whether the conspiring intermediary is the best plaintiff, or concern regarding multiple recovery, the case law has rightly recognized the importance of joining the intermediary in the suit–a requirement which has been met in this case.").

Under these circumstances, this court concludes that both the issue directly presented by IP for interlocutory appeal and the inherent subordinate question of whether the indirect-purchaser rule applies are matters as to which "there is substantial ground for difference of opinion." As the other criteria of 28 U.S.C. § 1292(b) are also satisfied, this court grants the request to certify the question

---

[2] As noted in the Order and Opinion on Matters Heard April 7, 2005, the cases on which IP relies are "distinguishable [from the present case] in that the plaintiffs' alleged injuries [in IP's cited cases] are derivative in some way from a more immediate target of the alleged prohibited conduct." Order at 12. In the present case, Plaintiffs are sellers who allege that they were the victims of a conspiracy between IP and its Quality Suppliers to fix, at artificially low levels, the prices paid for pulpwood. While not determinative, the fact that Plaintiffs were the initial sellers supports the conclusion that they, and not the Quality Suppliers, were the targets of the conspiracy. It is also of some note, though likewise not determinative, that the arguments raised in IP's motion for judgment on the pleadings were not raised until the case had been pending for fifteen months.

for interlocutory appeal.[3]

**IT IS SO ORDERED**.

/s Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

June 15, 2005
Columbia, South Carolina

C:\temp\notesB0AA3C\02-3352 vlv mo for interloc appeal (1292).wpd

---

[3] IP has also filed a Rule 23(f) petition with the Fourth Circuit Court of Appeals for interlocutory review of this court's denial of IP's motion for decertification of the class. That petition is currently pending. While not coextensive the issues raised by the Rule 23(f) petition and the present motion are intertwined. Acceptance of either set of issues may, therefore, militate in favor of accepting both. Whether to accept any of these issues for review, however, rests solely in the discretion of the Court of Appeals.