IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marion Crane, Benjamin Porter, Robert Taylor and Furman Wingate, | ) ) ) | C/A No. 3:02-3352-22 |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER ON MOTION TO SEAL** |
| International Paper Company, and Canal Wood, LLC, | ) ) ) | |
| Defendants. | ) ) | |

This order addresses the motion filed by Defendant International Paper Company ("IP") on June 6, 2005, which seeks to seal eight declarations filed in support of IP's Post Hearing Memorandum re "Pre-Pricing." Dkt No. 280. Each of the declarations was made by an employee, agent or owner of Squires Timber Company ("Squires"). According to IP, Squires designated the declarations as "Confidential-Attorney Eyes Only." The motion states that "Squires Timber Company contends that the documents at issue contain confidential business information related to the identity of their customers and related business practices." Nothing further has been filed either in support of or opposition to the motion to seal.

The court's determination of the pre-pricing issue for notice purposes did not rest on the content of these documents. Instead, the court relied on *Plaintiff's* proffered evidence as creating a sufficient prediction of evidence to support the sending of notice and deferred resolving any disputed issues until a later stage of the proceeding. *See* Dkt No. 289. Under these circumstances, the court determines that the documents may remain sealed, at least pending any challenge to sealing. *See PMSC v. Ernst & Young,* 1995 WL 541623 (4th Cir. 1995) (unpublished opinion suggesting that

filed documents which were not considered by the court may be exempt from the presumption of access).

At the same time, the court forewarns the parties and Squires[1] that the submissions to-date are not sufficient to support sealing should a challenge be made or should these same declarations again be relied on in this action. Most critically, the claimed confidential nature of the declarations is not apparent on the face of the documents. Under these circumstances, the entity claiming confidentiality (here Squires) must explain which portions, if any, of the declarations are confidential and why they should be sealed under the applicable standards. This would be done by filing a memorandum in support of the motion which, as noted above, was not done. If only portions of the document are confidential, then the proper course is to proffer a redacted version for placement in the public record.

Despite the above noted deficiencies, the court will file the documents under seal subject to later challenge in light of its non-reliance on these documents. However, should any party seek to rely on these declarations in the future, it will be the duty of that party to again raise the issue of sealing and to give notice to Squires so that it might be heard on the motion.

IT IS SO ORDERED.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 7, 2005

C:\temp\notesB0AA3C\02-3352 crane v ip - motion to seal (Dkt no 280).wpd

---

[1] The court directs counsel for IP to forward this order to Squires.

2